**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**ESTATE OF ALANA MOORE, et al.,** *
*
**Plaintiffs,** *
*
**v.** *
* **Civil No. PJM-07-1118**
**UNITED STATES OF AMERICA,** *
*
**Defendant.** *

**OPINION**

Plaintiffs, Marlene and Disdale Moore, as the Personal Representatives of the Estate of Alana Moore and as Parents and Next of Kin of the Decedent, have filed a medical negligence and wrongful death action in this Court in which they seek damages from the United States for the death of Alana Moore allegedly caused by care provided at Wynn Army Community Hospital ("WACH") located on Fort Stewart, Georgia. The United States has moved, pursuant to 28 U.S.C. § 1404, to transfer the action to the Southern District of Georgia wherein Fort Stewart is located, a request which Plaintiffs oppose. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, Defendant's Motion for Transfer of Venue will be GRANTED.

**I.**

Plaintiffs' action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671-2680. They allege that on or about November 6, 1998 Alana Moore sought urgent medical care from a WACH physician who failed to appreciate her risk for pancreatitis and who discharged her from the emergency department with a prescription for a respiratory infection and

an order for a non-emergency CAT Scan to be performed 3 days later. Plaintiffs further allege that on November 8, 1998 Alana returned to the WACH emergency department, that she experienced difficulty breathing and was intubated, and that after intubation, WACH medical providers discontinued all attempts at diagnosis or treatment and did not properly monitor her which resulted in permanent brain death and ultimately her demise. More specifically, Plaintiffs submit that as a result of the negligence of WACH medical staff Alana endured serious and permanent injuries to her internal organs, resulting in physical and mental pain and suffering and death. They further submit that, as a result of said negligence, Alana was obliged to expend consideration sums of money for medical, hospital care and treatment, was prevented from working and earning income for the remainder of her natural life, and was precluded from enjoying the remainder of her natural life (including the possibility of marriage, children, and other significant events). Additionally, as Parents and Next of Kin, Plaintiffs submit that they suffered damages as a result of the wrongful death of their daughter, including loss of companionship and solatium.[1] They seek at total of $20,000,000 in compensatory damages.

**II.**

Plaintiffs correctly allege that the Court has subject matter jurisdiction under 28 U.S.C. 1346(b). They also correctly allege that venue is proper in this district under 28 U.S.C. § 1402(b), which provides that "(a)ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Because Plaintiffs reside in Prince George's County, Maryland, their choice of Maryland as a forum is proper.

[1] Plaintiffs submit they "suffered the wrongful death of their daughter and all damages arising from it; including the loss of her companionship and soloquium." Pl.'s Compl. 9. The Court is not aware of nor does Black's Law Dictionary have a entry for soloquium. The Court assumes Plaintiffs intended to seek damages for solatium, i.e. compensation for personal suffering or grief. *See* BLACK'S LAW DICTIONARY 1397 (7th ed. 1999).

Even where venue is proper, however, an action may be transferred to another judicial district where venue is also proper, pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of showing by a preponderance of the evidence that that venue would be proper in the alternative forum. *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994) (internal citations omitted). The decision to transfer is within the discretion of the district court. *Id*.

In evaluating motions under § 1404, courts consider a variety of factors, including: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties and (4) the interest of justice." *Dicken*, 862 F. Supp. at 92 (citing *Bd. of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253 (E.D. Va. 1988)); *see also Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (D. Md. 2000) ("In addressing a motion to transfer filed pursuant to §1404(a), a court must consider a number of factors including the private interest of the litigants, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, . . . the convenience of the parties, the interest of justice and the advantage of having local issues of law and fact determined by local courts and juries.") (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The Court reviews each of these factors.

1. *Plaintiff's Choice of Venue*

Although a plaintiff's choice of forum is ordinarily accorded considerable weight, the plaintiff's choice of forum is given only limited deference when the cause of action did not arise

therein and when other factors weigh in favor of transfer. *Dicken*, 862 F. Supp. at 92-93 (quoting *Mims v. Proctor & Gamble Distributing Co.*, 257 F. Supp. 648, 657 (D.S.C. 1966); *see also Wilson v. United States*, No. 05-CV-562, 2006 WL 3431895, at 4 (E.D. Ark. Nov. 28, 2006) (citing *Moore's Federal Practice §* 113.13[1][c][iii]). In the present case, the alleged medical negligence occurred at WACH which is located in the Southern District of Georgia. The only connection to this district is that Plaintiffs reside here. Thus, the Court concludes that Plaintiffs choice of Maryland as a forum is entitled to limited deference.

2. *Witness Convenience and Access*

Witness convenience and access in the transferee-forum is a second factor relevant to transfer decisions under § 1404. As noted by the court in *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, "[i]n this district, [§ 1404] motions to transfer have been regularly granted where the defendant has shown that most of its key witnesses are residents of another district." *Cronos Containers*, 121 F. Supp. 2d at 465 (collecting cases).

Defendant asserts that three of the four physicians primarily responsible for Alana's care from August 1997 until November 1998 continue to reside and practice medicine in Georgia. Def.'s Mem. in Support of Mot. for Transfer of Venue 5. Defendant further asserts that if any of these physicians is unwilling to travel to Maryland, Defendants will not be able to use this Court to compel attendance at trial. *Id*. at 7-8. Plaintiffs respond that the inconvenience of Defendant's witnesses is overstated because not all of the physicians were involved in Alana's care on the dates of the alleged malpractice and because Defendant is able to take a *de bene esse* videotaped deposition of any of their witnesses and present the tape in lieu of having the witnesses testify in person at trial. Pl.'s Opp'n 4-7. Plaintiffs further assert that Plaintiffs themselves are likely to testify as fact witnesses and that they would be inconvenienced with

regard to travel time and costs as well as increased attorney expenses if the case was heard in Georgia. *Id*. at 3-4. Defendant replies that the testimony of the treating physicians is imperative to the Government's defense given the physicians' direct involvement with Alana's care immediately before and leading up to her death and that deposition testimony is a poor substitute for live, in-court testimony. Def.'s Reply 4-8. Defendant further asserts that the convenience of counsel is irrelevant to transfer decisions under § 1404. *Id*. at 8-9 (quoting *Cronos Containers*, 121 F. Supp. 2d at 466 n.4 ("It is of no consequence that the office of plaintiff's lead counsel is in Maryland. *Section 1404(a)* is concerned with the convenience of parties and witnesses and not with the convenience of counsel")).

Although the witnesses, as identified by the parties in their briefing of this motion, are not numerous, the Court finds that the Southern District of Georgia would be more convenient for the majority of witnesses than the District of Maryland. Three of the four treating physicians reside in Georgia while only Plaintiffs reside in Maryland.[2] As participants in Alana' treatment, the credibility of these physicians is likely to be a central issue; thus live testimony by them will be important. Although Plaintiffs' credibility may also be an issue, they are obviously voluntary witnesses, whereas "the availability of compulsory process for the attendance of [potentially] unwilling witnesses" who reside in Georgia is a distinct consideration weighing in favor of

[2] Although one of Plaintiffs's experts may also reside in Maryland, the convenience of expert witnesses is not ordinarily a relevant factor in transfer decisions. *See In re Ralston Purina Co.*, 726 F.2d 1002, 1006 n.6 (4th Cir. 1984) ("The convenience of plaintiffs' paid expert witnesses is of little moment.") (internal citations omitted). Defendants correctly assert that the three treating physicians identified by Defendants are hybrid fact/expert witnesses. Def.'s Reply 5-6 (quoting *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) ("To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient – as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury" the physician is not considered a specially retained expert subject to Federal Rule of Civil Procedure 26(a) disclosures.) Thus, to the extent the three Georgia-based physicians will testify to information learned during their actual treatment of Alana, their convenience is relevant in considering whether transfer is appropriate.

transfer. *See Cronos Containers*, 121 F. Supp. 2d at 465 (listing factors relevant to transfer decisions).

3. *Convenience of the Parties*

The relative convenience of the parties is also relevant to transfer decisions. Plaintiffs allege that it will place a far greater burden on them to try this matter in Georgia than it would for the United States to defend this case in Maryland. Pl.'s Opp'n 8-9. Specifically, Plaintiffs allege the United States "has attorneys to represent its interests in every judicial district" and would only have to arrange to depose their witnesses if the case is heard in Maryland. *Id*. at 4, 9. In contrast, Plaintiffs contend that transfer of the case to Georgia would increase their litigation costs and "limit their ability to appear at any hearings, conferences, or even attend the entire trial." *Id*. at 9. Although the Court understands and appreciates the burdens asserted by Plaintiffs, transfer "'only shift[s] the balance of inconvenience from defendant(s) to plaintiff.'" *Dicken*, 862 F. Supp. at 93 (quoting *Baylor Heating,* 702 F. Supp. at 1259). Although a plaintiff's choice of forum is ordinarily accorded deference, as discussed above, less deference is given when other factors, such as witness convenience and the availability of compulsory process, support transfer.

4. *Interest of Justice*

In making transfer decisions pursuant to § 1404, courts also consider a number of "interest of justice" factors, such as the court's familiarity with applicable law, access to sources of proof, docket conditions, and the possibility of unfair trial or harassment in the transferee-forum. *See Dicken,* 862 F. Supp. at 93-94; *Cronos Containers,* 121 F. Supp. 2d at 465.

Under 28 U.S.C. § 1346(b)(1), the "law of the place where the act or omission occurred" is applied. Thus, in the present case Georgia law would be applicable. While this Court could

no doubt educate itself as to Georgia medical malpractice law, presumably the federal courts in Georgia are apt to be more attuned to the substantive law of that state than this Court would be. In addition, because the alleged medical negligence took place entirely at WACH, the majority of relevant documents and records are likely to be located in Georgia.  Finally, a comparison of the respective dockets suggests that this case will not take substantially longer to come to trial in the Southern District of Georgia than it would in this district,[3] and Plaintiffs do not allege any other conditions, such as the possibility of unfair trial or harassment, to counter the factors discussed above that clearly support transfer.

Plaintiffs argue that Defendant fails to meet its burden of showing that the interests of justice support transfer and assert that, unlike the slip and fall case in *Dicken* in which this Court placed considerable weight on the potential need of the fact finder to view the site of the accident which was located in the transferee-forum, in the present case no such access to the scene of the alleged medical negligence is necessary.  Pl.'s Opp'n 7-8.  While the Court agrees that access to a site is not a relevant factor in the present case, in considering the appropriateness of transfer, no single factor is determinative; familiarity with applicable law, access to relevant documents, and convenience of witnesses remain critical circumstances weighing in favor of transfer.  *See Dicken*, 862 F. Supp. at 93-94 (analyzing familiarity with applicable law as an "interest of justice" factor separate and apart from access to the accident site); *Cronos Containers*, 121 F. Supp. 2d at 465 (listing "the relative ease of access to sources of proof" and "the advantage of having local issues of law and fact determined by local courts and juries" as two of a number of factors relevant to transfer decisions); *see also Wilson*, 2006 WL 3431895 at *4-5 (E.D. Va. Nov. 28, 2006) (transferring the case when the events giving rise to the lawsuit occurred in the

---

[3] *See* OFFICE OF JUDGES PROGRAMS, STATISTICS DIVISION, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, STATISTICAL TABLES FOR THE FEDERAL JUDICIARY JUNE 30, 2006 Table C-5 (2006).

transferee-forum, the majority of witnesses resided in or near the transferee forum, the court in the transferee-forum would be more familiar with applicable law, and the relevant records were located in the transferee-forum).

The alleged medical negligence in this case occurred in Georgia, the majority of potential witnesses are located in Georgia, most of the relevant documents and records are likely to be located in Georgia, and Georgia law governs Plaintiffs' claims and the Government's defenses. Under these circumstances, the Court is satisfied that the United States has carried its burden of showing that transfer from this forum to the federal court in Georgia is appropriate.

**III.**

For the foregoing reasons, pursuant to 28 U.S.C. § 1404(a), the Court has determined to transfer this action to the United States District Court for the Southern District of Georgia.

A separate order will ISSUE.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

October 4, 2007